UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BONNER,<br><br>                    Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY and<br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>                    Defendants. | Civil Action No. 19-9762<br>ECF Case<br><br><br><br><br><br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff RAYMOND BONNER, by his undersigned attorneys, alleges:

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA) for declaratory, injunctive, and other appropriate relief brought by Raymond Bonner, a prize-winning investigative journalist and author. By this action, Mr. Bonner seeks to compel Defendants, the Central Intelligence Agency ("CIA") and the Federal Bureau of Investigation "FBI"), to release records related to the *al Qaeda Manual* (the "Manchester Manual" or "the Manual"). The Manual was recovered by British police, translated by the FBI, and used by the CIA to develop the "enhanced interrogation" techniques it employed against detainees suspected of terrorism.

## PARTIES

2.  Plaintiff Raymond Bonner is a prize-winning investigative journalist and author with more than 35 years of professional experience. He has reported and written for publications including *The New York Times*, *The New Yorker*, *The Atlantic*, and *The New York Review of Books*. He is a contributing writer for *ProPublica*, an independent, non-profit, online newsroom based in New York. Mr. Bonner has published numerous articles about the U.S. government's

1

War on Terror, treatment of suspected terrorists in the aftermath of 9/11, and detention practices at Guantanamo Bay, Cuba. He is currently reporting on the CIA's enhanced interrogation program, and is working with documentary director and producer, Alex Gibney, on a documentary on the CIA's treatment of Guantanamo detainee Abu Zubaydah.

3. Defendant Central Intelligence Agency is an intelligence agency established within the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

4. Defendant Federal Bureau of Investigation is a component of the Department of Justice, a department of the executive branch of the U.S. government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this district under § 552(a)(4)(B) because Plaintiff resides in this district.

## FACTS

7. The Manchester Manual informed counter-terrorism measures adopted by the U.S. government in the wake of September 11.

8. The United Kingdom's Metropolitan Police recovered the Manual from the home of an al Qaeda suspect in 2000 and it was subsequently discovered and translated by the FBI.

9. Psychologists contracted by the CIA used the Manual as a basis for developing the so-called "enhanced interrogation techniques" that the agency used against detained al Qaeda suspects. Critics inside and outside the U.S. government have said the program amounted to

torture. One of the psychologists behind the program said he was told by U.S. officials that the idea was to "walk right up to the edge of the law." Bill Chappell, *Psychologists Behind CIA 'Enhanced Interrogation' Program Settle Detainees' Lawsuit*, NAT'L PUB. RADIO, Aug. 17, 2017.

10. The Manual continues to inform the ongoing debate over interrogation programs and the treatment of detainees suspected of terrorism. *See*, *e.g.*, Ben Taub, *Guantánamo's Darkest Secret*, THE NEW YORKER, April 15, 2019; Mark Fallon, *How Terrorist Threats Made the U.S. as Brutal as Its Enemies*, NEWSWEEK, Nov. 1, 2017; Larry Siems, *Inside the CIA's black site torture room*, THE GUARDIAN, Oct. 9, 2017.

11. Current CIA Director Gina Haspel supervised a secret prison where a suspected member of al Qaeda was waterboarded in 2002, and was later involved in the destruction of videos documenting the interrogation and mistreatment of detainees. The "enhanced interrogation" program was once again the subject of national and international news earlier this year, when Director Haspel was confronted by audience members at Auburn University about her involvement in the "torture program." *See*, Matthew Rosenberg, "'*Tell Them Who You Tortured': Gina Haspel Faces a Heckler and Her Past*," N.Y TIMES, Apr. 18, 2019.

12. Despite extensive coverage of the Manual and its impacts, the government has only made certain excerpts from the Manual available to the public. In these excerpts the authors—presumably members of al Qaeda themselves—purport to know the torture methods used by interrogators to extract information from captured al Qaeda detainees. The Manual notes that detainees may experience blindfolding, hanging by the hands or feet, being forced to stand naked for long periods; having cold water poured over their heads; having their nails or hair pulled out; being forced to consume watery foods and then having their genitals constricted; and

3

being drugged. The released excerpts from the Manual deal, among other things, with coping mechanisms for al Qaeda members subject to such torture methods.

**FOIA request to the Central Intelligence Agency**

13. On May 15, 2019, Raymond Bonner submitted a FOIA request to the CIA seeking "[a]ll CIA records—including, but not limited to, all cables, emails, memoranda, and other communications—pertaining to the al Qaeda Manual (also known as the Manchester Manual)." Mr. Bonner requested that responsive electronic records be provided "in their native file format," if possible. *See* 5 U.S.C. § 552(a)(3)(B). In the alternative, Mr. Bonner requested responsive records be provided "in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, in separate, Bates-stamped files."

14. Plaintiff's request asked for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because Plaintiff is "a representative of the news media" within the meaning of the statute.

15. On June 13, 2019, the CIA responded, noting that the agency had "reviewed [the] request and determined it does not meet the criteria for expedited processing." Specifically, the CIA contended that "the request does not involve an imminent threat to the life or physical safety of an individual, nor is it made 'by a person primarily engaged in disseminating information, and the information is relevant to a subject of public urgency concerning an actual or alleged Federal activity.'"

16. On August 28, 2019, Mr. Bonner appealed the denial of expedited processing. In particular, he reemphasized that he is a person "primarily engaged in disseminating information" regarding a subject of public urgency.

17. On September 6, 2019, the CIA rejected Mr. Bonner's appeal. Plaintiff has exhausted all his administrative remedies.

**FOIA request to the Federal Bureau of Investigation**

18. On May 15, 2019, Raymond Bonner submitted a FOIA request to the FBI seeking "[a]ll FBI records— including, but not limited to, all cables, emails, memoranda, and other communications—pertaining to the al Qaeda Manual (also known as the Manchester Manual.)" Mr. Bonner requested that responsive electronic records be provided "in their native file format," if possible. *See* 5 U.S.C. § 552(a)(3)(B). In the alternative, Mr. Bonner requested responsive records be provided "in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, in separate, Bates-stamped files."

19. In its May 22, 2019 response to this request, the FBI stated that it "conducted a search of the places reasonably expected to have records," but was "unable to identify law enforcement and/or administrative records responsive to [the] request." As a result, the request was to be "closed." The agency offered no further specifics regarding how the search was conducted or which records were searched. The letter advised that Mr. Bonner could submit an administrative appeal to the Director of the United States Department of Justice's Office of Information Policy.

20. On August 19, 2019, Mr. Bonner appealed, seeking a more extensive search for records responsive to his request. Additionally, he requested additional detail on how the agency conducted its initial search and any future searches. He noted, in particular, that the agency's failure to locate any responsive records is at odds with publicly-known information about the FBI's role in locating and translating the Manchester Manual. *See, e.g.,* Ali H. Soufan, *The Black Banners: The Inside Story of 9/11 and the War Against al-Qaeda* 114-16 (2011).

21. The FBI was required to respond to Mr. Bonner's appeal within 20 days. Mr. Bonner is yet to hear from the agency. Plaintiff has exhausted all his administrative remedies.

## CLAIMS

**First Claim: Violation of FOIA by failing to expedite request**

22. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

23. Defendant CIA's refusal to expedite the response to Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendant's corresponding regulations.

**Second Claim: Violation of FOIA by failing to perform adequate search**

24. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

25. Defendant FBI's failure to make a reasonable effort to search for records responsive to the Plaintiff's Requests violates FOIA, 5 U.S.C. § 552(a)(3)(C), and the FBI's regulations.

**Third Claim: Violation of FOIA by failing to make records available**

26. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

27. Defendants' failure to make available the records sought by the Requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

28. Defendants' withholdings of specific responsive records, or portions thereof, violates FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and Defendants' corresponding regulations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1. Declare that the records sought by Plaintiff in his FOIA requests are public records under 5 U.S.C. § 552 and must be disclosed;

2. Order that the response to Plaintiff be expedited under 5 U.S.C. § 552(a)(6)(E);

3. Order Defendants to conduct a thorough search for all records responsive to Plaintiff's requests;

4. Order Defendants to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under FOIA;

5. Enjoin Defendants from charging Plaintiff for the search, review, or duplication fees for processing his Requests;

6. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and costs; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: October 22, 2019

Respectfully submitted,

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC

By: /s/*David A. Schulz*
David A. Schulz
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com

Charles Crain
Julu Katticaran, Law Student Intern
Katrin Marquez, Law Student Intern
MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5824
charles.crain@ylsclinics.org

*Counsel for Plaintiff Raymond Bonner*